

FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

SEP 09 2021

BY _Ulll Cllrol_
DEPUTY

**IN THE DISTRICT COURT OF CANADIAN COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| (1)DANNY YELTON, as Special Administrator of the Estate of LESLEY SARA HENDRIX, a/k/a LESLEY SARA YELTON deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| (1) BOARD OF COUNTY COMMISIONERS OF CANADIAN COUNTY; | ) ) ) ) |
| (2) TURN KEY HEALTH CLINICS, LLC; | ) ) ) |
| (3) SHERIFF CHRIS WEST; | ) ) |
| (4) CANADIAN COUNTY SHERIFF'S OFFICE; | ) ) ) |
| (5) KRISTIE CARTER; | ) ) |
| (6) Does I through X, Defendants. | ) ) ) |

# PAUL HESSE

Case No. CJ 2021. 408

## PETITION

COMES NOW the Plaintiff, Danny Yelton as the Special Administrator of the Estate of Lesley Hendrix, deceased, and for his Complaint against Defendants, alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen of Oklahoma, residing in Canadian County. He was the husband of Lesley Hendrix at the time of her death.

2. Defendant Chris West is, and was at all times relevant hereto, the Sheriff of Canadian County, Oklahoma and acting under color of state law.

1

EXHIBIT 2

3. Defendant Board of County Commissioners of Canadian County (BOCC) is a statutorily-created governmental entity. 57 O.S. § 41 provides that every county, by authority of the Board of County Commissioners and at the expense of the county, shall have a jail or access to a jail for the safekeeping of prisoners lawfully committed. BOCC must discharge its responsibilities to the Canadian County Detention Center in a constitutional manner.

4. Defendant Turn Key has its primary offices in Oklahoma County, and is doing business in Canadian County, Oklahoma and was at all time relevant hereto responsible, in part, for providing medical services to Plaintiff while she was in the custody of the Detention Center of the Canadian County Sheriff's Office (hereinafter "Jail"). Turn Key was additionally responsible, in part, for creating and implement policies, practices and protocols that govern the medical health care to detainees at the Canadian County Jail and for training and supervising its employees. Turn Key was, at all relevant times, endowed by Canadian County with powers or functions governmental in nature such that Turn Key became an agency or instrumentality of the State and subject to its constitutional limitations.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure protection of and to redress deprivations of rights secured by the Eighth Amendment and Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. § 1983 which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

6. The jurisdiction of this Court is also invoked under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and the laws of the United States,

2

particularly the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367 since the claims form part of the same case or controversy arising under the United States Conditions and federal law.

8. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

9. Notice was given to Canadian County Sheriff's Office, Canadian County Detention Center, Board of County Commissioners for Canadian County and Canadian County Sheriff Christ West on January 11, 2021 pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. § 156.

10. By operation of law, this claim was deemed denied on April 6, 2021.

11. This Complaint is filed within 180 days of April 6, 2021, and therefore the claims filed under the Governmental Tort Claims Act herein are timely filed pursuant to 51 O.S. § 157.

## FACTS

Paragraphs 1-11 are incorporated herein by reference.

12. Beginning in January 2016 and continuing until her death, Lesley Hendrix was a pretrial detainee at the Canadian County Detention Center (hereinafter "Jail").

13. Hendrix's confinement caused her anxiety and she was prescribed medication to assist her. Medications were passed on a daily basis by an RN which required that the RN physically see Hendrix.

14. Beginning sometime in the first week of October 2020, Hendrix developed a rash on her legs.

15. Approximately one week before her death, Hendrix was not feeling well. She was experiencing nausea, dizziness and vomiting.

16. Hendrix requested to see medical staff at the Jail.

17. Hendrix was told to make an appointment using the kiosk. However, the kiosk was broken.

18. During the time that medications were passed, Hendrix informed the RN and a tech that the kiosk was broken and that she needed medical care.

19. On October 10, 2020, Hendrix had a video visit with Yelton. Lesley was not coherent during this call and was having difficulty standing.

20. On that same date, Barbara Gallagher had a video conference with Hendrix. Gallagher observed that Hendrix looked very ill – she was very pale and had black bags under her eyes. Hendrix could not remain standing up. Immediately following this video conference, Gallagher contacted the Jail and advised that Hendrix needed immediate medical attention.

21. On October 11, 2020, it appears that Hendrix collapsed and was found "down". It was only then that Turn Key and/or the Jail arranged for Hendrix to be transported to the hospital. This despite the fact that Jail medical staff would have observed Hendrix every day – while she was pale, incoherent, having difficulty standing, and otherwise obviously unwell.

22. Upon arrival to the hospital, the medical staff noted that Hendrix was already

in severe septic shock and in critical condition. The sepsis was caused by necrotizing fasciitis.

23. Upon arrival to the hospital, medical staff also noted that Hendrix smelled as if she had lost control of her bowels.

24. Efforts to treat Hendrix's condition failed. Hendrix died the next morning, October 12, 2020, at the hospital.

**CAUSES OF ACTION**

**I.    FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**VIOLATION OF LESLEY HENDRIX'S CIVIL RIGHTS ARISING UNDER THE FOURTEENTH AMENDMENT (42 U.S.C. § 1983)**

All paragraphs above are incorporated herein by reference. Plaintiff further states:

25. Lesley Hendrix sustained personal injuries and died as a result of Defendants' conduct described herein.

26. The Sheriff of Canadian County ("Sheriff") is and was the duly elected official responsible for the policies and procedures, as well as the actions of the employees of, the Sheriff of Canadian County.

27. The deliberate indifference to Plaintiff's serious medical needs, as summarized herein, was in furtherance of and consistent with policies, customs and/or practices which Sheriff promulgated, created, and implemented or for which he was responsible.

28. There are longstanding, systemic deficiencies in the medical health care provided to those in the Jail. Sheriff West has known of these deficiencies and the

5

substantial risks to inmates like Hendrix but has failed to take reasonable steps to alleviate those deficiencies and risks.

29. On information and belief, Hendrix was not properly assessed for medical needs and conditions upon detention at the Jail.

30. Despite Hendrix's obvious, serious, emergent medical health needs, the Defendants and their employees did not transport Hendrix to a hospital, physician, or other facility nor did they take any action to provide proper care to Hendrix.

31. Defendants, at all times, acted with deliberate indifference to Hendrix's serious medical needs, in violation of his constitutional rights.

32. Hendrix's constitutional rights were violated due to the policy or custom of the Defendant, the Sheriff of Canadian County, and or the Board of County Commissioners including but not limited to:

    a. A custom or policy of providing inadequate medical care;

    b. A custom or policy of failing to properly assess patients for serious medical needs;

    c. A custom or policy of failing to provide any medical care;

    d. A custom or policy of failing to properly train employees in the provision of medical care;

    e. A custom or policy of failing to supervise patients that demonstrate serious medical conditions and/or needs;

f.  A custom or policy of failing to respond to emergent needs due to contracts associated with the provision of medical care to detainees or inmates;

g.  A custom or policy of improperly delegating the medical care of inmates to others that are not properly qualified to provide constitutionally sufficient medical care;

h.  A custom or policy of failing to have adequate guidelines for standards of medical care;

i.  A custom or policy of failure to properly staff or understaffing the detention center with properly qualified staff to manage, monitor, or treat the conditions of inmates with complex and serious mental health and physical needs;

j.  A custom or policy of severely limiting the use of off-site medical and diagnostic service providers even in emergent situations in disregard to known, obvious, or excessive risks to the health and safety of detainees and/or inmates;;

k.  Further customs or policies that resulted in the violation of Hendrix's rights.

33. Defendants had an affirmative duty to assess, observe, and provide medical care to Hendrix and Defendants failed to uphold that duty.

34. The actions of the Defendants described constitute a denial of medical care in violation of the rights of Hendrix as guaranteed to her by the Due Process clause of the Fourteenth Amendment to the United States Constitution.

35. The Defendants acted with deliberate indifference to a serious and known medical need of Hendrix in denying him proper medical care.

36. The actions of the Defendants and their employees were taken pursuant to the policies or customs of the Defendants as set forth, and therefore, Defendants shall be liable to Plaintiff for the violation of Hendrix's rights.

37. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages, including but not limited to the loss of his life, grief, pain and suffering, and emotional distress for which he is entitled to recover.

## II.    SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS – SUBSTANTIVE DUE PROCESS PURSUANT TO THE FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

All paragraphs above are incorporated herein by reference. Plaintiff further states:

38. The actions of the Defendants described herein constitute a denial of Hendrix's right to substantive due process, as guaranteed to her by the Due Process clause of the Fourteenth Amendment to the United States Constitution.

39. The actions of the Defendants in their denial of Hendrix's life, liberty, and/or property is shocking to the conscience and therefore in violation of the rights due and owed to her under the Constitution.

40. The actions of the Defendants and their employees were taken pursuant to the policies or customs of the Defendants as set forth and therefore Defendant shall be liable to Plaintiff for the violation of Hendrix's rights.

41. Defendants owed a duty to Hendrix to use reasonable care to provide her with appropriate assessment, evaluation, treatment and supervision.

42. Defendants' breaches of their duty of care include but are not limited to the
failure to provide adequate or timely physical health evaluation of Hendrix,
failure to provide any assessment of Hendrix' physical condition, failure to
provide timely or adequate medical treatment for Hendrix,

### III.   THIRD CAUSE OF ACTION –
### VIOLATION OF ARTICLE II §§ 7 AND 9 OF THE CONSTITUTION OF THE STATE OF OKLAHOMA

All paragraphs above are incorporated herein by reference. Plaintiff further states:

43. Pretrial detainees, who have not been convicted of a crime, have a
constitutional right to medical care under the Due Process Clause of the
Fourteenth Amendment at least as protective as for convicted inmates.

44. As described herein, Plaintiff's decedent while in the custody of the Canadian
County Sheriff's Office was denied necessary medical treatment. Defendants
violated Plaintiff's rights by failing to provide her with prompt and adequate
medical assessment, evaluation, treatment and supervision despite the obvious
need.

45. Plaintiff's decedent was injured and suffered damages as alleged herein as a
direct and proximate cause of Defendants' violations of her rights under the
Oklahoma Constitution.

46. At all times relevant herein, the Canadian County Sheriff's Office and Turn Key
personnel were acting within the scope of their employment and under the
supervision of and ultimate control of Defendant West, the Sheriff of Canadian
County.

9

47. Defendants' denial of medical care and treatment to Plaintiff's decedent violated Article II § 7 and 9 of the Constitution of the State of Oklahoma and was a direct and proximate cause of her injuries and damages.

48. Sheriff West and/or BOCC and Turn Key are vicariously liable for the violations of the Oklahoma Constitution by employees and agents acting within he scope of their employment.

## IV.    FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS – NEGLIGENCE/WRONGFUL DEATH UNDER THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT

All paragraphs above are incorporated herein by reference. Plaintiff further states:

49. Defendants BOCC and Turn Key are vicariously liable for the acts of its employees and/or agents under the doctrine of *respondeat superior*.

50. Defendants BOCC and Turn Key, through their employees and/or agents at the Jail, owe a duty to Plaintiff, and all other inmates and detainees incarcerated at the Canadian County Jail, to tender medical treatment with reasonable care.

51. As described herein, BOCC and Turn Key, through their employees and/or agents, particularly Defendant Unknown Nurse #1, breached their duty to Plaintiff, and all other inmates, by failing to provide competent medical treatment as required by applicable standards of care, custom and law.

52. Defendant Unknown Nurse #1, an agent and/or employee of BOCC or Turn Key, failed to provide adequate or timely evaluation and treatment, even though the Jail had been informed that the Plaintiff needed immediate medical attention.

53. Defendant Unknown Nurse #1, both agents and/or employees of BOCC and Turn Key, failed to reasonably or timely treat Plaintiff's serious medical condition, and prevented her timely transfer to a medical facility for proper care.

54. Defendants' negligence is a direct and proximate cause of Plaintiff's injuries.

55. As a result of Defendant's negligence, Plaintiff has suffered damages.

## V.    FIFTH CAUSE OF ACTION AGAINST SHERIFF WEST SUPERVISOR LIABILITY/OFFICIAL CAPACITY LIABILITY (42 U.S.C. § 1983)

Paragraphs 1-58 are incorporated herein by reference. Plaintiff further states:

56. There is an affirmative link between the aforementioned acts and/or omissions of Defendants in being deliberately indifferent to Plaintiff's serious medical needs, health and safety and policies, practices and/or customs which Defendant Sheriff Chris West promulgated, created, implemented and/or possessed responsibility for (*See* ¶¶ 27-44, *supra*).

57. Defendant West knew and/or it was obvious that the maintenance of the aforementioned policies, practices and/or customs posed an excessive risk to the health and safety of detainees like Plaintiff.

58. Defendant West disregarded the known and/or obvious risks to the health  and safety of detainees like Plaintiff.

59. Defendant West, through his continued encouragement, ratification, and approval of the aforementioned policies, practices, and/or customs, in spite of their known and/or obvious inadequacies and dangers, was deliberately indifferent to detainees, including Plaintiff's, serious medical needs.

60. There is an affirmative link between the unconstitutional acts of their subordinates and Defendant West's adoption and/or maintenance of the aforementioned policies, practices and/or customs.

61. As a direct and proximate result of the aforementioned policies, practices and/or customs, Plaintiff suffered injuries and damages as alleged herein.

## VI.    SIXTH CAUSE OF ACTION –
## MUNICIPAL LIABILITY AS TO TURN KEY (42 U.S.C. § 1983)

Paragraphs 1-58 are incorporated herein by reference. Plaintiff further states:

62. Turn Key is a "person" for purposes of 42 U.S.C. § 1983.

63. At all times pertinent hereto, Turn Key was acting under color of state law.

64. Turn Key has been endowed by Canadian County with powers or functions governmental in nature, such that Turn Key became an instrumentality of the State and subject to its constitutional limitations.

65. Turn Key is charged with implementing and assisting in developing the policies of Sheriff West/Canadian County Sheriff Office with respect to the medical and mental health care of detainees at the Canadian County Detention Center and have shared responsibility to adequately train and supervise its employees.

66. There is an affirmative causal link between the acts and/or omissions described above in being deliberately indifferent to Plaintiff's serious medical needs, health, and safety, and violating Plaintiff's civil rights and the customs, policies, and/or practices carried out by Turn Key.

67. Turn Key knew or should have known that these policies, practices and/or customs posed substantial risks to the health and safety of detainees like Plaintiff. Nevertheless, Turn Key failed to take reasonable steps to alleviate those risks in deliberate indifference to detainees, including Plaintiff's, serious medical needs.

68. Turn Key tacitly encouraged, ratified, and or approved of the acts and/or omissions alleged herein.

69. There is an affirmative causal link between the customs, policies and/or practices and Plaintiff's injury and damages alleged herein.

## PUNITIVE DAMAGES

70. Plaintiff realleges and incorporates by reference paragraphs 1-67 as if fully set forth herein.

71. Plaintiff is entitled to punitive damages on his claims brought pursuant to 42 U.S.C. § 1983 as Defendant's conduct, acts and omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights.

72. Plaintiff is entitled to punitive damages on his negligence claims as Defendants' conduct, acts and omissions alleged herein constitute reckless disregard for Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the relief sought, including but not limited to damages in excess of $75,000, with interest accruing from date of filing, punitive damages, reasonable attorneys' fees, and all other relief deemed appropriate by this Court.

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**

Respectfully submitted

By:_____

A. Laurie Koller, OBA #16857
KOLLER TRIAL LAW, PLLC
2504 E. 21st St. Suite B
Tulsa, Oklahoma 74114
laurie@kollertriallaw.com
(918) 216-9596
(918) 248-8238 Fax

and

ERIC ANTHONY MARESHIE, OBA#18180
E. ANTHONY MARESHIE, P.L.L.C.
P.O. Box 330161
Tulsa, Oklahoma 74133-0161
tulsalegal@gmail.com
(918) 519-3771 - Telephone
(918) 970-6927 – Facsimile
***Counsel for Plaintiff***