IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANNY YELTON, as Special Administrator of the Estate of LESLEY SARA HENDRIX, a/k/a LESLEY SARA YELTON, deceased,**<br><br>Plaintiff,<br><br>v.<br><br>**BOARD OF COUNTY COMMISSIONERS OF CANADIAN COUNTY et al.,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-21-1001-G<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Now before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 10). Defendants have filed Responses in Opposition to the Motion (Doc. Nos. 14, 18), and Plaintiff has filed a Reply (Doc. No. 17).

   *I.   Procedural Background*

Plaintiff Danny Yelton, as Special Administrator of the Estate of Lesley Sara Hendrix, a/k/a Lesley Sara Yelton, deceased, initiated this action in the District Court of Canadian County, Oklahoma, on September 9, 2021, against Defendants Board of County Commissioners of Canadian County (the "Board"), Turn Key Health Clinics, LLC ("Turn Key"); Canadian County Sheriff Chris West ("West"), Canadian County Sheriff's Office (the "Sheriff's Office"), Kristie Carter ("Carter"), and Does I through X. *See* Doc. Nos. 1-1, 1-2.

The current operative pleading, the Amended Petition (Doc. No. 1-8), alleges the following: 1) a claim against all Defendants brought pursuant to 42 U.S.C. § 1983 for violation of Ms. Hendrix's Fourteenth Amendment right to receive adequate medical care; 2) a claim against all Defendants brought pursuant to § 1983 for violation of Ms. Hendrix's Fourteenth Amendment right to substantive due process; 3) a claim against all Defendants for violation of article II, sections 7 and 9 of the Constitution of the State of Oklahoma; 4) a claim against all Defendants brought under the Oklahoma Governmental Tort Claims Act for negligence/wrongful death; 5) a claim for supervisor liability against Defendant West in his official capacity brought pursuant to § 1983; and 6) a claim for municipal liability against Turn Key brought pursuant to § 1983. *See* Am. Pet. ¶¶ 25-69.

Certain of the defendants timely removed this action to this Court on October 13, 2021. *See* Notice of Removal (Doc. No. 1). Defendants then filed three separate motions to dismiss. *See* Doc. Nos. 6, 7, 8. Shortly thereafter, Plaintiff filed a Motion to Amend (Doc. No. 10), attaching a Proposed Second Amended Complaint to the motion as required by Local Civil Rule 15.1. *See* Doc. No. 10-1.

After filing his Motion to Amend, Plaintiff filed a Motion to Withdraw and Substitute (Doc. No. 15), seeking to withdraw the Proposed Second Amended Complaint attached to his Motion to Amend and replace it with a corrected Proposed Second Amended Complaint (Doc. No. 15-1). Plaintiff represents that Defendant Carter does not object to the substitution, *see* Pl.'s Mot. to Withdraw & Substitute at 2, and no other party has objected or otherwise responded within the time allowed under Local Civil Rule 7.1(g).

The Court will therefore consider the corrected Proposed Second Amended Complaint (Doc. No. 15-1) in adjudicating Plaintiff's Motion to Amend.

## II. Applicable Standards

Federal Rule of Civil Procedure 15(a) directs district courts to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this Rule, courts enjoy wide discretion to permit amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). Leave to amend should be denied only upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation marks omitted). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

## III. Discussion

In his Motion, Plaintiff states that he seeks to amend the Amended Petition to include "additional facts and allegations as to the conduct of the Defendants and in support of his current claims, and to remove claims that were the subject of the Defendants' motions to dismiss," specifically certain tort claims precluded by the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 (the "OGTCA"). Pl.'s Mot. to Amend at 1-2. Defendants Turn Key, Board, Sheriff's Office, West, and Carter oppose amendment,

arguing that the proposed amendment is futile and would be unduly prejudicial to Defendants. The Court addresses these objections below.

        A.    <u>Futility</u>

Defendants argue that Plaintiff's request to amend should be denied as futile because the Proposed Second Amended Complaint does not cure the deficiencies of Plaintiff's Amended Petition. *See* Doc. No. 14, at 2-3; Doc. No. 18, at 2-3. "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). "The burden of showing futility rests with the defendants who assert this ground in opposing the plaintiff's leave to amend." *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 953 F. Supp. 2d 1176, 1181 (D. Kan. 2013) (internal quotation marks omitted).

Defendants do not meaningfully develop their futility argument as to the additional allegations pled in the Proposed Second Amended Complaint. They instead refer the Court back to the arguments made in the motions to dismiss, which address a different pleading than the proposed amended pleading that is at issue here. This is not an adequate basis to deny amendment at this stage. The Court had not ruled on Defendants' motions to dismiss, which were not fully briefed, when Plaintiff filed the instant Motion to Amend. More fundamentally, Defendants have not provided adequate briefing on the purported insufficiency of Plaintiff's claims—as pled in the Proposed Second Amended Complaint—on which the Court can conclude that those claims cannot survive a motion to dismiss as a matter of law. *See Ellsworth v. City of Broken Arrow*, No. 19-CV-34, 2019 WL 2567660, at *3 (N.D. Okla. June 21, 2019) ("The Court cannot determine based exclusively on the

limited argument in Defendants' Surreply, whether the SAC would be subject to dismissal. . . . [T]he SAC is not so obviously deficient that the Court can find that it would be subject to dismissal without the aid of the Parties' briefing on this subject.").

Plaintiff pleads substantially more facts in the Proposed Second Amended Complaint regarding the incident at issue and Defendants' conduct than was pled in the Amended Petition. In accordance with Rule 15(a)(2)'s mandate that the Court "should freely give leave when justice so requires," the Court finds that there is good cause to allow Plaintiff to amend his pleading to plead additional facts in support of his claims and to withdraw certain claims that he concedes are barred by the OGTCA.

        B.     Undue Prejudice

Defendant Turn Key argues that granting Plaintiff leave to amend his complaint while Defendants' motions to dismiss are pending before the Court would result in undue prejudice to Defendants because if the Court allows amendment "Defendants will have to duplicate and expound upon their previous efforts in drafting new motions to dismiss, which will cost Defendants unnecessary time, resources, and attorney's fees." Doc. No. 18, at 3. The Tenth Circuit has explained that undue prejudice is "the most important . . . factor in deciding a motion to amend the pleadings." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Notably, "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Bylin*, 568 F.3d at 1230. Accordingly, the fact that Defendants may choose to file

5

additional motions to dismiss and expend resources in doing so, at this early stage of litigation, does not constitute undue prejudice.

## CONCLUSION

For the reasons stated above, Court GRANTS Plaintiff's Motion to Withdraw and Substitute (Doc. No. 15).

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 10) is GRANTED. Plaintiff may, within seven days of the issuance of this Order, file his Proposed Second Amended Complaint (Doc. No. 15-1).

The filing of Plaintiff's second amended complaint shall supersede the Amended Petition and render it of no legal effect. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). Accordingly, Defendants' Motions to Dismiss the Amended Petition (Doc. Nos. 6, 7, 8) are DENIED AS MOOT.

In accordance with 28 U.S.C. § 636, this matter is hereby referred to Magistrate Judge Gary Purcell for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission to the undersigned judge of Findings and Recommendations as to dispositive matters referenced in 28 U.S.C. §§ 636(b)(1)(B), and (C).

IT IS SO ORDERED this 27th day of July, 2023.

*[signature]*
CHARLES B. GOODWIN
United States District Judge